UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TWANNA ELLISON-MOSLEY,

     Plaintiff,

v.                                  Case No: 6:25-cv-2043-JSS-RMN

SOFIE CO.,

     Defendant.

_____/

## **ORDER**

Defendant, SOFIE Co., moves to dismiss the second amended complaint (Dkt. 17) with prejudice for failure to state a claim. (Dkt. 25.) Plaintiff, Twanna Ellison-Mosley, proceeding pro se, opposes the motion. (Dkt. 29.) Upon consideration, for the reasons outlined below, the court grants the motion in part and denies it in part. The court dismisses the second amended complaint without prejudice and permits Plaintiff to file a third amended complaint.

## **BACKGROUND**

According to the second amended complaint, Plaintiff was Defendant's employee for approximately ten years at its Sanford, Florida facility. (Dkt. 17 at 1.) The second amended complaint does not detail what Plaintiff's role was or what the terms and conditions of her employment were as Defendant's employee. (*See id. passim*.) During her employment, Plaintiff claims, she experienced "unequal treatment, exclusion from training opportunities, favoritism, and conduct by

management that undermined her professional reputation," despite being "among the most experienced and highly trained employees." (*Id.* at 1.) Because of this alleged misconduct, on October 4, 2023, Plaintiff purportedly wrote complaints to management in which she reported "being labeled negatively by management," "exclusion from job-related communications, inequitable scheduling practices, and denial of training opportunities." (*Id.*) Plaintiff alleges that Defendant acknowledged her complaints two days later, after which she was subjected to "increased hostility, isolation, marginalization, adverse schedule changes, unwarranted disciplinary actions, and denial of advancement and training opportunities." (*Id.*)

Allegedly, this increased hostility intensified such that Plaintiff was suspended and instructed to participate in a telephone call with management. (*Id.* at 2.) Plaintiff states that during the call, she was notified that she was being terminated because she had purportedly recorded another individual. Plaintiff denies this allegation and claims that Defendant did not provide any evidence or conduct any investigation in connection with the allegation. (*Id.*) According to Plaintiff, she "was terminated from her employment or forced to exit under circumstances amounting to constructive discharge" on September 23, 2024. (*Id.*) In light of these purported facts, Plaintiff brings three counts against Defendant: retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, and the Americans with Disabilities

Act (ADA), 42 U.S.C. §§ 12101–12213 (Count I); hostile work environment (Count II); and age-, sex-, and disability-based discrimination (Count III).[1] (Dkt. 17 at 2.)

Plaintiff initiated this action by filing a single-page complaint alleging only that she had been subjected to "retaliation and wrongful termination." (Dkt. 1 at 1.) Her initial complaint was dismissed for failure to state a claim, as it contained merely conclusory allegations. (*See* Dkts. 9, 12.) Because Plaintiff's initial complaint failed to conform to the typography requirements set forth in the Local Rules and violated Federal Rule of Civil Procedure 10(b) by not stating claims in numbered paragraphs, the court instructed Plaintiff that all future pleadings must comply with Federal Rules of Civil Procedure 8 and 10 and all applicable Middle District of Florida Local Rules. (*See* Dkt. 12.) Plaintiff subsequently filed an amended complaint on December 29, 2025, (Dkt. 13), and a second amended complaint on January 21, 2026, (Dkt. 17). The court accepts the second amended complaint as the operative pleading.

Plaintiff's second amended complaint consists of two single-spaced pages. (*See id.*) It includes numbered sections for jurisdiction and venue, parties, factual allegations, three counts, damages, relief requested, and a jury demand, but it does not "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10. (*See* Dkt. 17.) Each count is a single sentence, and because each count does not explicitly incorporate anything that comes

---

[1] In addition, Count III seemingly alleges retaliation by pleading discrimination based on "protected opposition to unlawful employment practices." (Dkt. 17 at 2.) Because Count I already directly addresses retaliation, the court considers retaliation primarily in connection with Count I rather than Count III.

before it, including jurisdiction, venue, parties, or facts, the counts can be read either as incorporating all preceding allegations or as incorporating no preceding allegations. (*See id.*)  The court notes that the second amended complaint includes not only a damages section listing compensatory damages but also a duplicative section requesting compensatory damages and other relief.  (*Id.* at 2.)  The relief requested section presents Plaintiff's claims for relief after all the counts instead of for each individual count.  (*Id.*)

## APPLICABLE STANDARDS

Although courts "give liberal construction" to pro se filings, *Albra v. Advan*, Inc., 490 F.3d 826, 829 (11th Cir. 2007), the court may not "serve as de facto counsel for a party or . . . rewrite an otherwise deficient pleading . . . to sustain an action."  *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (emphasis and citations omitted).  Pro se parties are thus still "required . . . to conform to procedural rules."  *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002); *see Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self- representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))).  Three such procedural rules, Federal Rules of Civil Procedure 8(a)(2), 10(b), and 12(b)(6), are implicated here. Additionally, "a plaintiff cannot amend [a] complaint through a response to a motion to dismiss, even if [the plaintiff] is 'proceeding pro se.'"  *Davis-Harrison v. Chief U.S. Prob. Officer Middle Dist. of Fla.*, No. 22-14334, 2024 WL 2874046, at *2, 2024 U.S.

App. LEXIS 13921, at *5 (11th Cir. June 7, 2024) (quoting *Dorman v. Aronofsky*, 36 F.4th 1306, 1317 (11th Cir. 2022)); *see Burgess v. Religious Tech. Ctr., Inc.*, 600 F.App'x 657, 665 (11th Cir. 2015) ("[P]laintiffs cannot amend their complaint through a response to a motion to dismiss.").

In deciding a motion to dismiss for failure to state a claim, a court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), to state a claim upon which relief may be granted, a complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a)(2) and survive a motion to dismiss under Rule 12(b)(6), the factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[D]etailed factual allegations" are generally not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.*

Furthermore, Federal Rule of Civil Procedure 10(b) requires the plaintiff to "state [her] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R Civ. P. 10(b). To "promote clarity," Rule 10(b) also requires the plaintiff to state "each claim founded on a separate transaction or occurrence . . . in a separate count." *Id.* "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. A court should dismiss a complaint as a shotgun pleading "where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* at 1325 (emphasis omitted) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

## ANALYSIS

The court first explains why the second amended complaint is a shotgun pleading. The court then explains why Plaintiff's counts fail to state claims for relief. The court concludes by briefly addressing Plaintiff's administrative exhaustion requirement.

### A. Shotgun Pleading

The second amended complaint is an impermissible shotgun pleading. The Eleventh Circuit has identified four categories of shotgun pleadings. *See Weiland*, 792

F.3d at 1321–23.  The second amended complaint implicates at least three categories. (*See* Dkt. 17.)  First, because each count can be read to incorporate the same factual allegations, "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Weiland*, 792 F.3d. at 1321.  Alternatively, the counts fail because they do not incorporate necessary factual allegations and are merely "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 678.  (*See* Dkt. 17 at 2.)  Second, given the background section on which each count relies, each count contains "conclusory, vague, and immaterial facts not obviously connected to [its] particular cause of action."  *Weiland*, 792 F.3d at 1322.  Third, because all three counts ostensibly involve violations of Title VII, the ADEA, and the ADA combined into a single count, the second amended complaint does "not separat[e] into a different count each cause of action or claim for relief."  *Id.* at 1323.  Accordingly, the court dismisses the second amended complaint as a shotgun pleading.  If Plaintiff repleads, she shall heed this order to avoid a future shotgun pleading.  *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (advising a court faced with a shotgun pleading to provide the plaintiff with a "chance to replead" before the court dismisses the case "with prejudice on non-merits shotgun pleading grounds" and to "explain how the offending pleading violates the shotgun pleading rule so that the [plaintiff] may properly avoid future shotgun pleadings").  The court cautions Plaintiff that an amended pleading

entirely supersedes an earlier pleading. *See TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1327 (11th Cir. 2020).

First, a third amended complaint should not incorporate every factual allegation into each cause of action, which would cause the third amended complaint to contain factual allegations "that could not possibly be material to that specific count." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Such a complaint would fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Instead, Plaintiff must clearly identify which facts apply to each claim and then tie those factual allegations to the elements of the cause of action so that Defendant and the court can understand how the right asserted in that count was violated. *See id.* at 1320 (noting that pleadings must be drafted with enough specificity so that "the court can determine which facts support which claims" (quotation omitted)); *see also Mikov v. Vill. of Palm Springs,* No. 23-13311, 2024 U.S. App. LEXIS 15526, at *3 (11th Cir. June 26, 2024) (affirming dismissal of a shotgun pleading that successively realleged all prior statements, which "made it overly burdensome to identify which facts support each claim"); *Ely v. Mobile Cnty. Sch. Bd.*, No. 15-566-KD-M, 2016 WL 3188926, at *8, 2016 U.S. Dist. LEXIS 73665, at *21 (S.D. Ala. May 11, 2016) ("[The p]laintiff should clearly state under each count the law under which [s]he is proceeding[,] clearly list what facts apply to that count[,] clearly explain under each count how the legal right implicated by that count was violated (including how each element of the cause of action is alleged)[,] and clearly articulate the relief requested—all with statements of relevant facts rendering the

- 8 -

claims plausible but without excessive tangential or irrelevant material."), *report and recommendation adopted by* 2016 WL 3189244, at *1, 2016 U.S. Dist. LEXIS 73663, at *1 (S.D. Ala. June 7, 2016). Incorporating pertinent factual allegations should be done in accordance with Federal Rule of Civil Procedure 10(b) in that Plaintiff "must state [her] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b), making sure to be careful what paragraphs are incorporated into each count.

Next, Plaintiff should refrain from including "conclusory, vague, and immaterial facts." *See id.* at 1332. In the second amended complaint, not only does each of Plaintiff's counts rely on the same factual allegations, inevitably incorporating immaterial factual allegations, (*see* Dkt. 17), but also Plaintiff relies on allegations that she was subject to "unequal treatment" and "conduct by management that undermined her professional reputation" without pleading facts that support these allegations. (*Id.* at 1.) Similarly, Plaintiff alleges that she complained to management about "discrimination, retaliation, harassment, intimidation, reputational harm, [and] favoritism" without providing factual allegations as to what this conduct entailed. (*Id.*) As a result of this vague and conclusory language, Defendant and the court are left to speculate as to what conduct by Defendant harmed Plaintiff. *See Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them."); *Weiland*, 792 F.3d at 1323 ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice

of the claims against them and the grounds upon which each claim rests.")  Without sufficient factual allegations to support Plaintiff's counts of discrimination, retaliation, and hostility, the court cannot reasonably infer that Plaintiff has stated claims for relief. *See Iqbal*, 556 U.S. at 663; *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (noting that a complaint's factual allegations must raise a right to relief above a speculative level).  Should Plaintiff replead, she must provide sufficient facts in the third amended complaint to render her claims plausible without including immaterial or tangential facts.

Finally, Plaintiff should separate each cause of action into a distinct count should she replead.  *Weiland*, 792 F.3d at 1323.  Count I in the second amended complaint brings retaliation claims under Title VII, the ADEA, and the ADA.  (Dkt. 17 at 2.)  Count II is a hostile work environment claim that does not specify the law under which the cause of action is brought.  (*Id.*)  Count III brings discrimination claims on the basis of sex, age, and disability, as well as "protected opposition to unlawful employment practices," presumably invoking Title VII, the ADEA, and the ADA again, although the count makes only a vague reference to the "violation of federal law." (Dkt. 17 at 2.)  Failing to include a separate count for each discrete cause of action, as Plaintiff has done, is impermissible.  *See Anderson*, 77 F.3d at 366 (finding that failure to "present each claim for relief in a separate count, as required by Rule 10(b)," constitutes an impermissible shotgun pleading); *Magluta*, 256 F.3d at 1284 (emphasizing that commingling discrete claims in a single pleading "completely disregards Rule 10(b)'s requirement that discrete claims should be [pleaded] in

separate counts," and explaining that such pleadings are "in no sense the 'short and plain statement of the claim' required by Rule 8"); *Ortiz v. Carnival Corp.*, No. 20-24838-Civ-Scola, 2020 WL 6945958, at *1 (S.D. Fla. Nov. 25, 2020) ("Each distinct theory . . . is a separate cause of action that must be asserted independently and with corresponding supporting factual assertions." (collecting cases)).  Plaintiff "may not cram multiple, distinct theories of liability into one claim because each theory is a separate cause of action that must be asserted independently and with corresponding factual allegations."  *Miles v. Carnival Corp.*, 767 F. Supp. 3d 1368, 1373 (S.D. Fla. 2025) (quotation omitted).  Plaintiff should therefore separate her ADEA, ADA, and Title VII retaliation, discrimination, and hostile work environment claims into separate counts should she choose to include them in a third amended complaint, as claims under each statute are distinct causes of action based on different protected characteristics.  *See*, *e.g.*, 29 U.S.C. § 623; 42 U.S.C. §§ 2000e-2, 12112; *see also Simmons v. United Parcel Serv., Inc. (Ohio)*, No. 3:25-CV-105-CLS, 2025 WL 868209, at *5 (N.D. Ala. Mar. 19, 2025) (identifying a complaint where the plaintiff "attempt[ed] to assert retaliation claims based upon three separate statutes—i.e., the ADA, ADEA, and Title VII — in the same count" as a shotgun pleading), *aff'd sub nom. Simmons v. United Parcel Serv. Inc*, No. 25-11262, 2026 WL 113552 (11th Cir. Jan. 15, 2026); *Robinson v. HCA Healthcare Servs. Fla., Inc.*, No. 8:24-CV-275-TPB-AEP, 2024 WL 4556132, at *5 (M.D. Fla. Oct. 23, 2024) ("[The plaintiff] improperly combined her claims under Title VII, the ADA, and the ADEA in Count 6.  This [practice] constitutes a shotgun pleading, and the claim is subject to dismissal for this reason alone.").

Defendant seeks dismissal with prejudice but does not assert any of the six common bases for denying leave to amend. (*See* Dkt. 25 at 1, 11.) *See Brant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not . . . allow an amendment . . . where there has been [(1)] undue delay, [(2)] bad faith, [(3)] dilatory motive, or [(4)] repeated failure to cure deficiencies by amendments previously allowed; [(5)] where allowing amendment would cause undue prejudice to the opposing party; or [(6)] where amendment would be futile."). The court therefore dismisses the second amended complaint without prejudice and affords Plaintiff leave to amend in accordance with Rule 15, which directs the court to "freely give" a party leave to amend a pleading before trial "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Miles v. Carnival Corp.*, 767 F. Supp. 3d 1368, 1376 (S.D. Fla. 2025) (observing that the court "has the discretion to grant leave to amend sua sponte").

## B. Failure to State a Claim

The court next discusses each of Plaintiff's causes of action.

### a. Retaliation

Count I alleges that Defendant violated Title VII, the ADEA, and the ADA when it retaliated against Plaintiff by terminating her after she had made complaints in writing to management. (Dkt. 17 at 2.) Defendant asserts that Plaintiff has not alleged sufficient facts to support a retaliation claim under any statute because she does not allege that her complaints to Defendant related to protected characteristics, meaning that she had not engaged in a protected activity. (Dkt. 25 at 7–8.) Plaintiff

does not rebut this argument other than to say that her claims support a reasonable inference of retaliation.  (*See* Dkt 29.)[2]

Retaliation claims under Title VII, the ADA, and the ADEA require showings that (1) the plaintiff was engaged in a protected activity, (2) the plaintiff was subjected to an adverse action, and (3) a causal connection exists between the protected activity and the adverse action.  *See Shannon v. BellSouth Telecomms.*, 292 F.3d 712, 715 (11th Cir. 2002) (listing the elements of a retaliation claim under Title VII); *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1260 (11th Cir. 2001) (listing the elements of an ADA retaliation claim); *Drago v. Jenne*, 453 F.3d 1301, 1307 (11th Cir. 2006) (listing the elements of a retaliation claim under the ADEA).  Critically, a "complaint about an employment practice constitutes protected opposition only if the individual explicitly or implicitly communicates a belief that the practice constitutes unlawful employment discrimination."  *Murphy v. City of Aventura*, 383 F. App'x 915, 918 (11th Cir. 2010) (quotation omitted).  The opposed conduct must be unlawful under the relevant discrimination statute.  *See* 29 U.S.C. § 623(d) (prohibiting retaliation against an employee who "has opposed any practice made unlawful by" the ADEA); 42 U.S.C. § 2000e-3(a) (prohibiting retaliation against an employee opposing "any practice made an unlawful employment practice by" Title VII); 42 U.S.C. § 12203(a) ("No person shall discriminate against any individual because such individual has opposed any act

---

[2] Plaintiff's two-page response violates the Local Rules' typography requirements.  (*See* Dkt. 29.) Although the court extended the deadline for Plaintiff to respond and informed her of the Local Rules, she did not file a response in compliance with the rules by the extended deadline.  (*See* Dkts. 29, 31.)

or practice made unlawful by [the ADA] . . . ."); *Sridej v. Brown*, 361 F. App'x 31, 35 (11th Cir. 2010) (noting that an employee's testimony against an unlawful conduct "must be about race or [sex] discrimination to fall within the scope of protected expression under Title VII"); *Brillinger v. City of Lake Worth*, 317 F. App'x 871, 877 n.6 (11th Cir. 2008) (finding that the plaintiff's only protected activity under the ADEA were their complaints of age discrimination); *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997) (recognizing that the ADA specifically protects opposition to practices made unlawful by the ADA).

The court agrees with Defendant that Plaintiff's second amended complaint does not plausibly allege that she complained about an unlawful employment practice related to age, disability, or sex. (*See* Dkt. 17 at 1.) Instead, Plaintiff's operative pleading contains conclusory allegations that she wrote to management about "discrimination, retaliation, harassment," and other purportedly unlawful conduct without alleging the basis for such discrimination, retaliation, or harassment. (*Id.*) Plaintiff's retaliation count therefore fails to state a claim because the second amended complaint fails to plausibly allege that Plaintiff engaged in protected opposition to conduct made unlawful by Title VII, the ADEA, or the ADA.

### b. Hostile Work Environment

Count II alleges that Defendant subjected Plaintiff to a hostile work environment through "severe and pervasive harassment that altered the conditions of her employment." (Dkt. 17 at 2.) The Eleventh Circuit has instructed a Title VII plaintiff to establish a hostile work environment claim by showing (1) "that he belongs

- 14 -

to a protected group," (2) "that he has been subject to unwelcome harassment," (3) "that the harassment must have been based on a protected characteristic of the employee, such as national origin," (4) "that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment," and (5) "that the employer is responsible for such environment under either a theory of vicarious or of direct liability." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). The Eleventh Circuit has not explicitly decided that hostile work environment claims exist under the ADEA or the ADA, but unpublished panels of the Eleventh Circuit have presumed that such claims are cognizable. *See Stewart v. Jones Util. & Contracting Co.*, 806 F. App'x 738 (11th Cir. 2020) (assuming that a hostile work environment claim exists under the ADA given its nearly identical statutory language to Title VII); *Coles v. Post Master Gen. U.S. Postal Servs.*, 711 F. App'x 890, 898 (11th Cir. 2017) (recognizing that the Eleventh Circuit has "assumed, but never decided," that hostile work environment claims exist under the ADEA using "essentially the same" analysis as Title VII).

Defendant argues that Plaintiff's hostile work environment count fails because she does not allege any harassment based on a protected characteristic. (Dkt. 25 at 9.) The court agrees. First, Plaintiff does not specify the statute under which Count II proceeds, and the court is left to speculate whether the "severe and harassment" she alleges was based on her age, sex, or disability. (*See* Dkt. 17 at 2.) Additionally, all of the harassment allegations in the second amended complaint are either conclusory or

- 15 -

untethered to a statutorily protected characteristic. (*See id.*)  For example, Plaintiff alleges that she experienced "unequal treatment," "conduct by management that undermined her reputation," and "harassment." (*Id.* at 1.)  Plaintiff also alleges being labeled as "toxic" by management, but such an allegation is also not plausibly tied to Plaintiff's age, sex, or disability. (Dkt. 17 at 1.)  With these conclusory allegations, there is no basis from which the court can reasonably infer that Plaintiff was subject to a hostile work environment based on her sex, age, or disability.  *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir. 2010) (affirming dismissal of Title VII hostile work environment when the plaintiff failed to allege that he was harassed because of his race); *Litman v. Sec'y, of the Navy*, 703 F. App'x 766, 771 (11th Cir. 2017) (affirming dismissal of an ADEA hostile work environment claim when plaintiff failed to allege that his "harassment was connected to his age"); *cf. Jones v. City of Birmingham*, 804 F. Supp. 3d 1232 (N.D. Ala. 2025) (finding that a plaintiff did not provide evidence of harassment based on a disability in violation of the ADA when the harassment started before the plaintiff became disabled).  Should Plaintiff choose to replead, she shall include factual allegations that plausibly suggest that she was harassed based on her sex, age, or disability.

Further, Defendant argues that Plaintiff does not allege harassment that is so severe or pervasive as to alter the terms and conditions of her employment. (Dkt. 25 at 9.)  To begin, Plaintiff does not plead facts indicating the terms or conditions of her employment.  The severity element of a hostile work environment claim contains both a subjective and objective element.  *Miller*, 277 F.3d at 1276.  Courts thus consider

whether the alleged work environment is one "that a reasonable person would find hostile or abusive' and an environment that the victim 'subjectively perceives . . . to be abusive." *Id.* (quoting *Harris v. Forklift Sys.*, 510 U.S. 17, 370–71 (1993)).  Plaintiff has not alleged enough facts for the court to infer that her work environment was objectively hostile.  (*See* Dkt. 17.)  In evaluating the objective severity of hostility in support of a hostile work environment claim, courts "consider, among other factors, (1) how often the conduct occurs; (2) how severe the conduct is; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance."  *Buckley v. Sec'y of the Army*, 97 F.4th 784, 797 (11th Cir. 2024) (quotations omitted).  Again, Plaintiff's allegations are either too conclusory or do not lead to a reasonable inference that Plaintiff's work environment was objectively hostile.  (*See* Dkt. 17.)  For example, Plaintiff alleges that she experienced "unequal treatment," "favoritism," "conduct by management that undermined her professional reputation," "hostility, isolation, [and] marginalization." (*Id.* at 1.)  Plaintiff does not provide any factual allegations about what this conduct actually entailed, the circumstances of this conduct, when or how often this type of conduct occurred, who subjected her to this conduct, or whether this conduct interfered with her job performance.  (*See id.*)  Further, the allegations that are made with some level of specificity do not support an inference that Plaintiff's "workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive

- 17 -

working environment." *Harris*, 510 U.S. at 21; s*ee, e.g., Brock v. City of Atlanta*, No. 1:22-cv-604-WMR-CMS, 2022 U.S. Dist. LEXIS 240701, at *23 (N.D. Ga. Nov. 28, 2022) ("Courts often have held that denial of training and promotion opportunities does not rise to the level of conduct that is sufficiently severe to support a hostile work environment claim.") (collecting cases); *Nurse v. City of Alpharetta*, 775 F. App'x 603, 607 (11th Cir. 2019) (affirming dismissal of a hostile work environment claim where the plaintiff simply alleged that similarly situated employees were treated differently); *Woods v. Lockheed Martin Corp.*, No. 1:18-CV-3501-LMM-CCB, 2019 U.S. Dist. LEXIS 240041, 2019 WL 13078831, at *4 (N.D. Ga. Sept. 4, 2019) (dismissing hostile work environment that relied on allegations of isolation at work and being pressured to quit), *aff'd*, No. 21-13882, 2022 U.S. App. LEXIS 20737, 2022 WL 2972852 (11th Cir. July 27, 2022).

Consequently, in a future complaint, Plaintiff must plead facts supporting a reasonable inference that her work environment was objectively hostile. *See Iqbal*, 556 U.S. at 678. "[I]solated or sporadic incidents of harassment do not satisfy the severe or pervasive standard of a hostile work environment claim." *Mosley v. MeriStar Mgmt. Co.*, 137 F. App'x 248, 252 (11th Cir. 2005) (quotation omitted).

### c. Discrimination

Count III alleges that Plaintiff was discriminated against based on her sex, age, disability, and opposition to unlawful employment practices, "in violation of federal law." (Dkt. 17 at 2.) Plaintiff must provide enough factual matter to plausibly suggest

intentional discrimination. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015); *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018). Title VII requires plaintiffs to show that they were subject to an adverse employment action and that bias based on, in this case, sex was at least a motivating factor. *Quigg v. Thomas Cnty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016). The ADEA requires a plaintiff to show that age was the but-for cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009). Similarly, "[t]o state a discrimination claim under the ADA, a plaintiff must allege sufficient facts to plausibly suggest (1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a 'covered entity' discriminated against him on account of his disability." *Surtain*, 789 F.3d at 1246.

Defendant maintains that Plaintiff has not plausibly alleged that she was subject to an adverse employment action because of bias or discrimination against her age, sex, or disability. (Dkt. 25 at 10.) Because the second amended complaint does not provide a reasonable basis for the court to infer that age-, sex-, or disability-based discrimination was the true reason for Plaintiff's termination, the court agrees. (*See* Dkt. 17.) *See Iqbal*, 556 U.S. at 678. Although Plaintiff posits in her pleading that Defendant's allegation that Plaintiff recorded someone was pretextual for her termination, (Dkt. 17 at 2), the second amended complaint does not provide any basis from which the court can infer that Plaintiff was actually terminated because of her age, sex, or disability. (*See* Dkt 17.) Plaintiff does not provide factual allegations in her second amended complaint about the basis for any of the unequal treatment or

harassment that Plaintiff pleads in a conclusory fashion. (*See id.*)  Plaintiff also seems to allege that she was constructively discharged, (*Id.* at 2), which is "when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job." *Bryant v. Jones*, 575 F.3d 1281, 1298 (11th Cir. 2009) (quotation omitted).  Having already determined that Plaintiff has failed to state a hostile work environment claim, Plaintiff has not plausibly stated that she was constructively discharged, which requires a higher level of severe and pervasive conduct.  *See id.* ("Establishing a constructive discharge claim is a more onerous task than establishing a hostile work environment claim.").  Plaintiff is thus directed to plead facts that raise her allegation that she was intentionally discriminated against based on her age, sex, or disability beyond a speculative level should she choose the replead her discrimination claims. *See Iqbal*, 556 U.S. at 663.

### d. Administrative Exhaustion

Defendant points out that the second amended complaint does not assert that Plaintiff has administratively exhausted her claims by filing a charge with the Equal Employment Opportunity Commission (EEOC). (Dkt. 25 at 5.)  "Before filing suit under Title VII, the ADA, or the ADEA, a plaintiff must exhaust the available administrative remedies by filing a charge with the EEOC."  *Anderson v. Embarq/Sprint*, 379 F. App'x 924, 926 (11th Cir. 2010).  Although Plaintiff states in her response that she has complied with the administrative exhaustion requirement, (Dkt. 29 at 1), the court advises Plaintiff that she cannot amend a complaint through

a response to a motion to dismiss. *Burgess*, 600 F.App'x at 665. Further, although the initial complaint alleged that Plaintiff filed a charge with the EEOC, (Dkt. 1 at 1), an amended complaint entirely supersedes an initial complaint. *TVPX ARS, Inc.*, 959 F.3d at 1327. Any third amended complaint, which would supersede all prior complaints, *id.*, should thus include allegations that Plaintiff has filed a charge with the EEOC with respect to her ADA, ADEA, and Title VII claims—either in the complaint itself, by attachment to the complaint, or through both means.

## CONCLUSION

Accordingly:

1. Defendant's motion to dismiss (Dkt. 25) is **GRANTED in part and DENIED in part**. The motion is granted in that Plaintiff's second amended complaint (Dkt. 17) is **DISMISSED**; however, the motion is denied in that the dismissal is without prejudice.

2. On or before August 14, 2026, if she can do so in good faith, Plaintiff may file a third amended complaint that corrects the deficiencies identified in this order. The court cautions Plaintiff: "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgement if the deadline to amend expires without the plaintiff amending its complaint or seeking an extension of time." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020).

3. The court grants Plaintiff leave to file a third amended complaint so that she can add information in support of the Title VII, ADEA, and ADA retaliation, discrimination, and hostile work environment claims asserted in the second amended complaint. Plaintiff may choose not to bring any or all of these claims in a third amended complaint, or she may choose to bring them all, if she can do so in good faith after she corrects the pleading deficiencies in this order. However, because the deadline for amending the pleadings expired on July 15, 2026, (*see* Dkt. 33 at 1), Plaintiff shall not assert other claims in the third amended complaint, unless she first satisfies Federal Rule of Civil Procedure 16(b)(4) by demonstrating "good cause" and obtaining "the [court]'s consent," Fed R. Civ. P. 16(b)(4), through a motion in full compliance with all applicable rules of federal procedure, including the Local Rules.

4. The court advises Plaintiff that any third amended complaint must fully comply with all applicable Middle District of Florida Local Rules (available at the court's https://www.flmd.uscourts.gov/sites/flmd/files/flmd-amended-local-rules effective-november-01-2025.pdf webpage)—including Local Rule 1.08(a), which sets the typography requirements for all filings in this case. If Plaintiff submits a third amended complaint that does not comply with Local Rule 1.08(a), the court may dismiss the third amended complaint without prejudice.

5. If the third amended complaint brings a claim without correcting all deficiencies identified in this order related to that claim or if the third amended complaint

- 23 -

fails to comply with any of the directives in this order, the court may dismiss the third amended complaint without notice to Plaintiff.

**ORDERED** in Orlando, Florida, on July 17, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented parties
Counsel of Record